```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

     LOWYLESS GLASPER, SR.                   CIVIL ACTION

     VERSUS                                  NO: 06-5897

     MATTHEW MORGAN, ET AL.                  SECTION: "J" (1)
```

### ORDER AND REASONS

Before the Court are a Motion to Dismiss (Doc. 11) and a Motion to Strike (Doc. 21) by defendants, Anexus Insurance Services ("Anexis") and Matthew Morgan; a Motion for Judgment on the Pleadings (Doc. 12) by defendant, Arch Insurance Company ("Arch"); and a Motion for Leave to File an Amended Complaint (Doc. 15) by plaintiff. Each motion is opposed. For the following reasons, the Court finds that plaintiff's motion should be GRANTED, and defendants motions should be DENIED.

### BACKGROUND

The following factual background is taken from the original petition for damages, and is accepted as true for purposes of the pending motions. In February or March, 2005 insurance agent Matthew Morgan agreed to procure commercial liability insurance, commercial property insurance, and flood insurance for

plaintiff's nightclub. On March 3, 2005 plaintiff provided Morgan with $5,267.00 as a down payment, and Morgan issued three binders for the policies. Three months later, on June 3, 2005, because plaintiff still had not received his policies or a refund of his payment, he filed complaints with the Texas and Louisiana departments of insurance.

On June 15th, 2005 plaintiff spoke with Morgan who said that he had not procured the policies and who agreed again to immediately procure them. Plaintiff never received the policies and could not get back in touch with Morgan. On July 29, 2005 plaintiff received a letter from the Texas Department of Insurance indicating that a disciplinary case had been opened against Morgan. One month later Hurricane Katrina damaged plaintiff's nightclub. The nightclub was uninsured. On June 30, 2006 plaintiff sued Morgan, Morgan's insurance business, Anexus, and his errors and omissions insurer, Arch.

## LEGAL STANDARDS

When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept as true all well-plead allegations and resolve all doubts in favor of the plaintiff. *Tanglewood East Homeowners v. Charles-Thomas, Inc.*, 849 F.2d 1568, 1572 (5th Cir. 1988). A Rule 12(b)(6) motion should be denied unless "it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Rule 12(b)(6) motions are disfavored and rarely granted. *Id.* (quoting *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981)). The standard for dismissal for a Rule 12(c) motion for judgment on the pleadings is the same as that for dismissal for failure to state a claim under Rule 12(b)(6). *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

Under Federal Rule of Civil Procedure 15(a) leave to amend the pleadings "shall be freely given when justice so requires". The rule evinces a bias in favor of granting leave to amend, and a policy of permitting liberal amendment. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

Motions to strike are governed by Federal Rule of Civil Procedure 12(f), under which a court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Motions to strike are disfavored and infrequently granted." *U.S. v. Cushman & Wakefield, Inc.*, 275 F. Supp. 2d 763, 767 (N.D. Tex. 2002) (citing *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962)).

**PARTIES' ARGUMENTS**

Defendants argue that plaintiff clearly knew by June 3, 2005, when he filed complaints with the state insurance departments, that Morgan had failed to procure the insurance policies. In addition, Morgan told plaintiff on June 15, 2005 that he did not procure the insurance. Defendants argue therefore that more than a year passed before the June 30, 2006 lawsuit was filed, so the claim is perempted under La. Rev. Stat. § 9:5606.

Plaintiff files an affidavit and a motion to amend his complaint seeking to explain that Morgan agreed during that June 15, 2006 conversation to procure the three insurance policies. Plaintiff argues that given this new agreement to procure, he did not know that Morgan had failed to act until after Hurricane Katrina had already damaged his business. Plaintiff also alleges fraud and argues that peremption is not applicable in cases of fraud.

Defendants reply that plaintiff's affidavit should not be considered in relation to a Rule 12 motion, that the claims alleged are not similar enough for plaintiff's proposed amendment to relate back, and that the fraud exception only applies to the three year peremptive period.

4

**DISCUSSION**

To state a cause of action for breach of a procuring insurance agent's duty, a plaintiff must show (1) an undertaking or agreement by the agent to procure insurance; (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance; and (3) actions by the agent warranting the client's assumption that he is properly insured. *Offshore Prod. Contractors, v. Republic Underwriters Ins. Co.*, 910 F.2d 224, 229 (5th Cir. 1990) (citing *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So. 2d 728, 730-731 (La. 1973)). Louisiana law provides that an action, whether in tort or contract, against an insurance agent must be brought within one year of the "act, omission, or neglect" of the agent or within one year from the date the act, omission, or neglect was or should have been discovered. La. Rev. Stat. § 9:5606.

Although defendants may be correct that a claim based on the March 3, 2005 agreement to procure insurance would be perempted, plaintiff's petition sufficiently alleges for purposes of surviving a 12(b)(6) motion that Morgan again undertook to procure insurance on June 15, 2005. *See* Petition ¶ XI. Nothing before the Court indicates that plaintiff should have known before June 30, 2005, 15 days later, that Morgan again failed to

procure the insurance. Therefore, this suit filed on June 30, 2006 is not clearly perempted. Defendants have not established that plaintiff can prove no set of facts in support of his claim that would entitle him to relief.

Because the Court finds that the original petition states a cause of action that is not perempted, the Court sees no prejudice to defendants in allowing plaintiff to amend his petition to further clarify his cause of action, nor is there any need to strike plaintiff's affidavit from the record.

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss (Doc. 11), the Motion for Judgment on the Pleadings (Doc. 12) and the Motion to Strike (Doc. 21) are **DENIED**;

**IT IS FURTHER ORDERED** that the Motion for Leave to File an Amended Complaint (Doc. 15) is **GRANTED**.

New Orleans, Louisiana this the 28th day of March, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE